## FRANK L. WARRIN, APPELLANT, *v.* FRANCIS B. BALDWIN, RESPONDENT.

*Sale of lands by a county treasurer* — 1878, *chap.* 226 — *his fees and expenses chargeable to a town need not be audited by the town auditors* — *action by a taxpayer to restrain waste* — 1881, *chap.* 531.

Chapter 226 of 1878 authorizes the county treasurer of Queen's county to advertise and sell lands for the non-payment of taxes assessed thereon, and provides that if no bids be made for any of them "the county treasurer shall strike off such lots or parcels of land to the town in which such lands are located and assessed for the term of 1,000 years." "The county treasurer's fees and expense of publication, as provided by this act, on all lots or parcels struck off to any town, shall be a charge against said town." The county treasurer was entitled by the act to a fee of one dollar and fifty cents on each lot sold.

*Held,* that the county treasurer was not obliged to submit his claim for the fees and expenses of selling lots struck off to the town to the examination and audit of the board of town auditors thereof, but that he was entitled to charge the same to the town upon his books and pay himself therefor from the funds of the town in his hands. (DYKMAN, J., dissenting.)

That an action by a taxpayer, under chapter 531 of 1881, to restrain the county treasurer from so charging the amount of his fees and expenses to one of the towns could not be maintained. (DYKMAN, J., dissenting.)

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court upon an agreed statement of facts.

This is an action by a taxpayer of the town of Newtown, Queens county, to restrain the defendant, who is the county treasurer, of Queens county, from charging up against the town and paying to

himself, without audit or allowance· by any competent body or board, certain fees allowed to him by statute, for striking off to the town at the annual tax sale such lots as are not bidden for by actual purchasers.

The sale of lands for unpaid taxes in the county of Queens is regulated by a special statute (chap. 268, Laws of 1877, amended by chap. 226, Laws of 1878). The act provides that all lots offered at the annual sale for which no bids are received shall be struck down to the town in which they are located for the term of 1,000 years, and that "the county treasurer's fees and expense of publication as provided by this act, on all lots or parcels struck off to any town, shall be a charge against said town." He was by the act entitled to receive a fee of one dollar and fifty cents per lot, besides the expenses of advertising. It has been the habit and custom of the county treasurer to charge against the town of Newtown, and to pay himself the fees provided by statute immediately after the conclusion of the sale, and it has not been his custom to submit his account for such fees to the board of town auditors, or to any other body or board for examination, audit and allowance, except as when he annually submits all his books and accounts to the board of supervisors for examination. The plaintiff contended that the county treasurer's charge against the town should be collected in the same way that is provided by statute for the collection of other town charges, viz.: By submission to the board of town auditors, approval by them and transmission to the board of supervisors and inclusion in the tax levy. This action was tried upon an agreed statement of facts and determined in favor of the defendant.

*Francis M. Scott*, for the appellant.

*John J. Armstrong*, for the respondent.

BARNARD, P. J.:

By chapter 531, Laws of 1881, a taxpayer is entitled to maintain an action "to prevent any illegal official act" against certain officers, and "to prevent waste or injury to any property," which is represented by the officers. The defendant is one of the officers named in the act. By chapter 226, Laws of 1878, the county treasurer is bound to advertise the lands in Queens county upon which the tax assessed has not been paid. The treasurer under

this law put up at auction, as required by the law, certain lands of Newtown. There were no bidders. In such case the act provides as follows : " On the day fixed for the sale of said lands, should no bid be made for any of the lots or parcels that may be offered for sale, the county treasurer shall strike off such lots or parcels of land to the town in which such lands are located and assessed, for the term of one thousand years." The county treasurer's fees on the sale of each lot is established at one dollar and fifty cents, and the same is made " a charge against said towns." The treasurer struck off the lots to the town of Newtown. He charged for no sale which he did not make. He did not overcharge. He received the exact sum due him from the funds of the town, by charging the fees so due him against the town of Newtown. The complaint is formed upon the basis that he ought to have presented the bill for audit to the board of auditors. It is thus seen that there is no question of waste or injury to property, but only of a formal audit of a legal claim which the board of town auditors haven't any right to diminish. There is no need or requirement for a formal audit. The only one assigned is that the supervisors cannot know what to collect of the town without a bill of town allowances. The books of the county treasurer will always show the dealings between the treasurer and the towns, and the amount of charges for sale being absolutely established by law, it becomes a charge against the town by force of the legislative act. This has been the custom of the officers who have sold lands for taxes, and the town auditors have never been called on to give additional authority to the act of the legislature. I think, therefore, there were neither illegality or waste established.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

DYKMAN, J. (dissenting) :

The sales of land for unpaid taxes in the county of Queens are made by the county treasurer of that county under special statutes, which provide, among other things, that where no bids are received for lots offered for sale they shall be struck down to the town in which they are located. For striking off such lots the county treasurer is entitled to a fee of one dollar and fifty cents a lot, besides

the expenses of advertising, which is made a charge against the town.

It has been the custom of the defendant, who is the county treasurer of Queens county, to charge these fees, so allowed to him, against the town without submitting his account and claim therefor to the town auditors for examination and allowance, and to pay himself his fees and charges in that way. This action is brought to prohibit that practice, but the complaint relates especially to the town of Newtown, in that county. The facts are agreed upon and the trial court dismissed the complaint.

We cannot take the same view of the case. It is against all the precedents in analogous cases to permit the defendant to liquidate his own claim against the different towns for official fees. It is the safe and fundamental rule prevalent in all cases that unliquidated demands against towns and counties in this State must be submitted to the proper boards for examination and allowance, especially all officers whose compensation depends upon statutory fees must submit their claims to the proper boards of auditors constituted by law for their examination. The defendant occupies no position above these rules of law. It is true his fees are prescribed by statute, but so are the fees of sheriffs, constables, commissioners of highway and many other officers. That fact constitutes no reason why the claims of the defendant should not be submitted to the town auditors. His expenses are not fixed, neither are the number of lots specified for which he may charge, and the number should be submitted to the scrutiny of the examining auditors, and there is nothing in the statutes exempting him from such scrutiny. The simple fact that he is the bookkeeper of the county and has accounts with the different towns, and receives money from which he can pay his own claims, so far from constituting an argument in his favor, rather operates the other way. His bills should be audited and paid in the usual manner.

Neither have we any trouble in permitting the plaintiff to maintain this action.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment affirmed, with costs.